THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Patricia D.
 Johnson, Employee, Appellant,
 
 
 

v.

 
 
 
 BMW Manufacturing
 Corporation, LLC, Employer, 
 and Hartford
 Insurance Company of the Midwest and Specialty Risk Services, Inc., Carrier, Respondents.
 
 
 
 

Appeal From the Appellate Panel 
 South Carolina Workers' Compensation
Commission

Unpublished Opinion No.  2011-UP-468 
 Heard October 5, 2011  Filed October 21,
2011  

AFFIRMED

 
 
 
 Albert V. Smith, of Spartanburg, for Appellant.
 Vernon F. Dunbar, of Greenville, for Respondents.
 
 
 

PER CURIAM:  In this workers' compensation case,
 Patricia D. Johnson argues the South Carolina Workers' Compensation Commission
 (the Commission) erred in finding Johnson failed to satisfy the burden of
 proving the occurrence of a compensable accident.  We find no error of law in
 the Commission's decision to deny Johnson's claim and we find the decision to
 be supported by substantial evidence of record; therefore, we affirm pursuant
 to Rule 220(b)(1), SCACR, and the following authorities:  S.C. Code Ann. §
 1-23-380(5)(d),(e) (Supp. 2010) (providingthis court may not substitute its judgment for that of the
 Commission as to the weight of the evidence, but may reverse where the decision
 is affected by an error of law or clearly erroneous in view of the reliable,
 probative, and substantial evidence on the whole record); Hargrove v. Titan
 Textile Co., 360 S.C. 276, 295, 599 S.E.2d 604, 614 (Ct. App. 2004)
 ("A determination of whether a claimant's condition was accelerated or
 aggravated by an accidental injury is a factual matter for the [Commission]."); id. at 289, 599 S.E.2d at 611 ("Substantial evidence is not a mere scintilla of evidence, nor the evidence viewed blindly from
 one side of the case, but is evidence which, considering the record as a whole,
 would allow reasonable minds to reach the conclusion the administrative agency
 reached in order to justify its action.").
AFFIRMED.
HUFF, PIEPER
 and LOCKEMY, JJ., concur.